(No. 75-CV-78—

JEROME SLAD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 13, 1975.*

JEROME SLAD, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on March 17, 1974, at 309 East 51st Street, Chicago, Cook County, Illinois. Jerome C. Slad, the victim, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70 §71, et. seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set

forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Jerome Slad, age 29, was a victim of a violent crime, as defined in Sec. 2(c) of the Act, to wit:

"Aggravated Battery", (Ill. Rev. Stat., 1973, Ch. 38, Sec. 12-4).

2. That on March 17, 1974, claimant was shot while walking through a tavern.

3. That statements, taken by the police investigators shortly after the crime was committed, present no substantial evidence of any provocation by the claimant for the attack upon him.

4. That the victim sustained numerous injuries for which he was hospitalized and received surgery. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's filed in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That the assailants have not been identified and the case is still pending.

6. That there is no evidence that the victim and his assailants were related or sharing the same household.

7. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance.

8. No evidence was presented to indicate that the claimant's injuries were attributable to claimant's wrongful act or substantial provocation of his assailant.

9. That the victim's total loss of wages can be determined by using the Court accepted method of calculating salary losses over a portion of a month average monthly income ($1,219) divided by the average number of days in a month (30.4) multiplied by the number of days out of work (14 days) to be $561.38. From this amount the statutory deduction of $200 pursuant to Section 7(d) of the Act is deducted leaving a resulting salary loss of $361.38. However, earnings of only $500 per month can be considered as the maximum compensation allowable under the Act.

10. That, based upon the maximum allowable compensation of $500 per month and the Court accepted method of calculating salary losses over a portion of a month (maximum monthly compensation $500) divided by the average number of days in a month (30.4) multiplied by the number of days out of work (14 days) the claimant's compensable losses due to lost work days may be determined to total $230.26.

11. That the claimant incurred medical and hospital expenses which were partially covered by insurance benefits, and the gross amount of the pecuniary loss for these items as computed before deductions and setoffs is as follows:

1)  Hospital (Provident) ........................... $1,408.10
2)  Medical ....................................... $  765.00

12. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct . . . the amount of benefits, payments or awards, payable under the 'Workman's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) twenty-five thousand dollars of life insurance that would inure to the benefit of the applicant . . .)."

That, in the claim before us, the benefits received by the claimant from other sources which must be deducted from his loss, as contemplated by §7(d) of the Act, were shown to be in the total sum of $2,173.10. This amount, plus the statutory deduction of $200 having been deducted leaves an amount of compensable loss, sustained by the claimant of $230.26.

IT IS HEREBY ORDERED that the sum of $230.26 be awarded to the claimant, Jerome Slad, as the innocent victim of a violent crime.